IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARNELL HARRIS,**

      CASE NO. 2:16-CV-00623
  Petitioner,      CRIM. NO. 2:13-CR-00068
      JUDGE MICHAEL H. WATSON
  v.      Magistrate Judge Kimberly A. Jolson

**UNITED STATES OF AMERICA,**

  Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 91).  This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

    I.    FACTS AND PROCEDURAL HISTORY

On September 9, 2013, pursuant to the terms of his Plea Agreement, Petitioner pleaded guilty to commission of a Hobbs Act robbery, a violation of 18 U.S.C. § 1951; and brandishing a firearm during a crime of violence, a violation of § 924(c).  (Docs. 43, 45).  On December 18, 2013, the District Court imposed an aggregate term of 171 months of imprisonment, plus five years of supervised release.  (Docs. 55, 66).  On April 13, 2015, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court.  (Doc. 81).  On October 6, 2015, the United States Supreme Court denied petitioner's petition for a writ of certiorari.  (Doc. 84).

On June 24, 2016, Petitioner executed the instant Motion to Vacate under 28 U.S.C. § 2255. (Doc. 91, PageID# 431). On July 18, 2016, he filed a Memorandum in Support. (Doc. 92). Petitioner asserts that his conviction on carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) is constitutionally invalid under *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), because the residual clause of § 924(c)(3)(B) is unconstitutionally vague, and that his Hobbs Act conviction does not involve a "crime of violence" so as to constitute an adequate predicate offense for his conviction under § 924(c).

## II.    DISCUSSION

In *Johnson*, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, *or   otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States,* -- U.S. --, --, 136 S. Ct. 1257, 1261 (2016) (citing *Johnson,* 135 S. Ct. at 2555–56) (holding that *Johnson* applies

retroactively to cases on collateral review).  It is this section of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ——, 135 S. Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ——, 135 S. Ct., at 2560.

*Welch,* 136 S. Ct. at 1262.

Another part of the statute, 18 U.S.C. § 924(c)(1)(A), provides for an enhanced punishment for any person who uses, carries, or possesses a firearm "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime.  The statute defines "crime of violence" as one that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015) (footnote omitted).  Based on the Supreme Court's reasoning in *Johnson*, Petitioner argues that the "residual clause" of § 924(c)(3)(B), like the residual clause of § 924(e)(2)(B), is unconstitutionally vague, and his conviction on such offense is therefore constitutionally invalid.

However, the United States Court of Appeals for the Sixth Circuit has found Petitioner's argument to be "without merit." *United States v. Taylor*, 814 F.3d 340, 375–36 (6th Cir. 2016) (rejecting argument "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute

invalidated by the Court in *Johnson*, and because much of *Johnson*'s analysis does not apply to § 924(c)(3)(B); *see also Bryant v. United States*, No. 1:16-cv-688, 2016 WL 3251579, at *2 (W.D. Mich. June 14, 2016) ("Indeed, the Sixth Circuit has examined the residual clause in § 924(c) and determined that the analysis in *Johnson* does not apply."). *Taylor* controls here and forecloses Petitioner's argument.

In addition, Petitioner argues that the predicate offense for his § 924(c) conviction, *i.e.*, the Hobbs Act robbery,[1] categorically does not require violent conduct, or the use, attempted use, or threatened use of "violent force." Petitioner offers the example that the statute may be violated by putting another in fear of injury to intangible property or by other means which falls short of the physical force required to prove a crime of violence. The Court is unpersuaded.

As an initial matter, this argument does not appear to raise an issue under *Johnson*, which involves the residual clause of the ACCA. Instead, Petitioner argues that his Hobbs Act

---

[1] 18 U.S.C. § 1951 provides in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section--
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
>
> (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
>
> (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

conviction does not qualify as a "crime of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010). (See Doc. 92, PageID# 453). Indeed, Petitioner refers to numerous pre-*Johnson* decisions in support of this argument. Such a claim is untimely because Petitioner could have raised his claim long before the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f) (providing for a one-year statute of limitations in the filing of § 2255 motions); *see also United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) (reaching same conclusion and noting that "[t]he *Johnson* decision does not make timely *any* claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*") (emphasis added).

> Moreover,
>
>> [t]he Hobbs Act criminalizes robbery that "in any way or degree obstructs delays, or affects commerce or the movement of any article or commodity in commerce ..." 18 U.S.C. § 1951(a). The statute defines "robbery" as:
>>
>>> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, **by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property**, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *5 (E.D. Mich. Dec. 18, 2015) (emphasis in original). Numerous cases decided by the Supreme Court, the Sixth Circuit Court of Appeals, and other Circuit Courts of Appeals confirm that a Hobbs Act robbery may constitute the predicate offense for a conviction under 18 U.S.C. § 924(c). *See United States v.*

*Morgan*, No. 14-20610, 2015 WL 9463975, at *5 (E.D. Mich. Dec. 18, 2015 (citing *Alleyne v. United States*, 133 S. Ct. 2151, 2155–56 (2013)); *United States v. Maddox*, 803 F.3d 1215, 1217 (11th Cir. 2015); *United States v. McBride*, No. 14–1851, 2015 U.S. App. LEXIS 14885, at *1 (3d Cir. Aug. 24, 2015); *United States v. Richardson*, 793 F.3d 612, 617 (6th Cir. 2015); *United States v. Adams*, 789 F.3d 713, 713 (7th Cir. 2015); *see also United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (noting that Hobbs Act robbery "indisputably qualifies as a crime of violence").

Further,

> [t]he determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in *Johnson. See, e.g.*, *United States v. Bennett*, No. 3:15CR134, 2016 WL 354753, at *4 (E.D. Va. Jan. 27, 2016) (observing that "post-*Johnson*, numerous district courts – including this one – have held that robbery offenses qualify as crimes of violence under § 924(c)(3)(A)," and that the defendant "fails to cite any case holding otherwise in the Hobbs Act robbery context") (collecting cases); *United States v. Anglin*, No. 14-CR-3, 2015 WL 6828070, at *6 (E.D. Wis. Nov. 6, 2015) ("Since *Johnson* issued, several courts have found that Hobbs Act crimes qualify as crimes of violence under the force clause, which was unaffected by *Johnson*."); *United States v. Redmond*, No. 3:14-CR-00226-MOC, 2015 WL 5999317, at *4 (W.D.N.C. Oct. 13, 2015) (holding that Hobbs Act robbery indictment alleging that the defendant employed "means of actual and threatened force, violence, and fear of immediate and future injury" "specifically alleges a crime of violence as defined under § 924(c)(3)(A)"); *United States v. Standberry,* No. 3:15CR102-HEH, 2015 WL 5920008, at *5 (E.D. Va. Oct. 9, 2015) ("Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A).") (collecting cases); *see also Gov't Opp.* at 5–6 (collecting cases).

*United States v. McCallister*, No. 15-0171 (ABJ), 2016 WL 3072237, at *7 (D.D.C. May 31, 2016) (footnote omitted) ("[T]he Court cannot imagine a scenario in which Hobbs Act

6

robbery . . . could be accomplished without the threat or use of physical force against a person or property."); *see also United States v. McDaniels*, 147 F.Supp.3d 427 (E.D. Va. 2015) (concluding that Hobbs Act robbery is categorically a crime of violence pursuant to the Force Clause of § 924(c)(3), and that, "even if it were necessary to reach the question—and it is not— the Residual Clause of § 924(c)(3)(B) would likely not fail as unconstitutionally vague as it is distinguishable from the ACCA Residual Clause at issue in *Johnson*"). This Court agrees with the reasoning of those courts, and Petitioner's argument fails.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: August 17, 2016                                              /s/ Kimberly A. Jolson
                                                                                KIMBERLY A. JOLSON
                                                                                UNITED STATES MAGISTRATE JUDGE