**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DARNELL HARRIS,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:20-CV-3158
CRIM. NO. 2:13-CR-00068
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Second Motion to Vacate under 28 U.S.C. § 2255. (Doc. 122). This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that the motion to vacate (Doc. 122) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I.    BACKGROUND

On September 9, 2013, pursuant to the terms of his Plea Agreement, Petitioner pleaded guilty to committing a Hobbs Act robbery, a violation of 18 U.S.C. § 1951; and brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c). (Docs. 43, 45). On December 18, 2013, the District Court imposed 171 months of imprisonment, plus five years of supervised release. (Docs. 55, 66). Petitioner appealed, and the Sixth Circuit affirmed. (Doc. 81). Petitioner sought relief from the United States Supreme Court, but his petition for a writ of certiorari was denied. (Doc. 84). Petitioner returned to this Court, filing his first federal habeas corpus petition under 28 U.S.C. § 2255, asserting that his conviction under § 924(c) violated *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015). (Doc. 91). On October 19, 2016, the Court issued an

Opinion and Order dismissing that action. (Doc. 488). On September 7, 2017, the Sixth Circuit denied Petitioner's application for a certificate of appealability. (Doc. 119).

On June 22, 2020, through counsel, Petitioner filed this Second Motion to Vacate under 28 U.S.C. § 2255. (Doc. 122). He now asserts that his conviction under § 924(c) violates the United States Supreme Court's decision in *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019) (invalidating the "residual clause" of § 924(c)(3)(B) as constitutionally invalid). However, as discussed, this is not Petitioner's first federal habeas corpus petition.

## II.     SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner filed a prior motion under 28 U.S.C. § 2255, his present motion constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it. *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

### III. DISPOSITION

Accordingly, it is **RECOMMENDED** that Petitioner's Second Motion to Vacate under 28 U.S.C. § 2255 (Doc. 122) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:  June 23, 2020                                         /s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE